**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| | ) | Criminal Action No.: 1:16-cr-00632-JMC-10 |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Jimmy J. Carroll, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon Defendant Jimmy J. Carroll's ("Defendant") Motion for Reconsideration (ECF No. 726). Defendant seeks review of the court's order sentencing Defendant to twenty-one months imprisonment within the United States Bureau of Prisons (ECF No. 730). Specifically, Defendant requests that the court reconsider and amend his sentence downward (ECF No. 726). For the reasons set forth herein, the court **DENIES** Defendant's Motion for Reconsideration (ECF No. 726).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2016, a federal grand jury returned a ten-count indictment against Defendant. (ECF No. 2.) On August 30, 2016, Defendant pleaded not guilty. (ECF No. 120.) On February 28, 2016, Defendant entered a guilty plea to one count of conspiracy to racketeer in violation of 18 U.S.C. § 1962(d). (ECF No. 457.) On June 8, 2018, the court sentenced Defendant to twenty-one months imprisonment. (ECF No. 730.) Defendant subsequently filed his Motion for Reconsideration on the same day. (ECF No. 726.) The Government did not file a response.

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure have no formal provisions governing motions for reconsideration. *United States v. Fuentes-Morales*, No. 5:14-cr-00556, 2017 WL 541052, at *1

(D.S.C. Feb. 10, 2017). However, the rules and federal case law recognize that such motions may be proper in a criminal setting. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1976) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (stating that motions to reconsider are proper in a criminal setting).

The court also looks to the Federal Rules of Civil Procedure for guidance. *United States v. Fuentes-Morales*, 2017 WL 541052, at *1. A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows: (1) an intervening change in the controlling law; (2) new evidence that was not previously available; or (3) a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). However, Rule 59(e) motions cannot be used as opportunities to re-litigate issues already ruled upon because the litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion."); *Consulting Eng'rs, Inc. v. Geometric Software Sols. & Structure Works LLC*, No. 1:06cv956(JCC), 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such a motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." (quoting *Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994))).

### III. ANALYSIS

Here, Defendant moves for the reconsideration of his sentence. (ECF No. 726.) "In order to support a motion for reconsideration, 'the movant is obliged to show not only that . . . evidence

was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered or produced such evidence at the hearing.'" *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (quoting *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)). Therefore, "[e]vidence that is available to a party prior to entry of judgment . . . is not a basis for granting a motion for reconsideration as a matter of law." *Id.* "It is within the sole discretion of the court as to whether the granting of a motion to reconsider is appropriate." *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (citing *Boryan*, 884 F.2d at 771). "A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the [c]ourt 'rethink what the court has already thought through—rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Defendant argues that his sentence should be reconsidered to align with his wife's sentence of twelve months. (ECF No. 726.) Defendant also argues that an unwarranted disparity has occurred because both he and his wife were similarly situated prior to sentencing. (ECF No. 513.) Disparities in sentences between defendants are not unwarranted when one has provided assistance to the Government. *United States v. Gallegos*, 480 F.3d 856, 859 (8th Cir. 2007). Courts look to differences between defendants to assess unwarranted disparities, including whether a defendant provided substantial assistance to the Government in order to warrant a § 5k1.1 sentencing departure.[1] *Id.* (citing *United States v. Goody*, 442 F.3d 1132 (8th Cir. 2006)). Previously, the court denied Defendant's previous Motion for Variance, which asked for a downward departure. (ECF No. 681.) When Defendant's wife was sentenced, she received a § 5k1.1 for providing the

---

[1] Substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum. U.S.S.G § 5k1.1.

Government with substantial assistance. (ECF No. 726.) Because Defendant was not offered a §

5k1.1 by the Government, a downward departure was not warranted, and an unwarranted disparity

has not occurred between Defendant and his wife. Additionally, at the sentencing hearing, the

undersigned questioned Defendant and his wife at length before he admitted, hesitantly, all of his

knowledge and involvement in the instant offense.

## IV. CONCLUSION

Upon careful consideration of Defendant's arguments, and for the reasons set forth above,

the court hereby **DENIES** Defendant's Motion for Reconsideration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 10, 2018
Columbia, South Carolina